**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**IPSCO TUBULARS, INC.**
**d/b/a TMK IPSCO**                                                                                          **PLAINTIFF**

**v.**                               **CASE NO. 3:10CV00021 BSM**

**AJAX TOCCO MAGNETHERMIC**
**CORPORATION**                                                                                     **DEFENDANT**

<u>**ORDER**</u>

Defendant Ajax Tocco Magnethermic Corporation ("Ajax") moves to dismiss count three of the complaint, the constructive fraud claim, filed by plaintiff TMK IPSCO ("IPSCO"). [Doc. No. 19]. IPSCO has responded, [Doc. No. 24] and Ajax has replied. [Doc. No. 25]. For the reasons set forth below, Ajax's motion is granted.

I. ALLEGATIONS

This case involves a dispute over the performance and quality of certain austenitizing equipment supplied by Ajax to IPSCO. Compl. ¶ 1. The equipment was intended for the purpose of heat treating steel pipe that IPSCO manufactured at its Blytheville, Arkansas facility. Compl. ¶ 7. Ajax allegedly guaranteed that the pipe, after being heat treated by Ajax's equipment, would meet the specifications of the American Petroleum Institute and that said equipment would be designed and manufactured in accordance with proven technology. Compl. ¶¶ 8-9. To address IPSCO's concerns about the possibility of quench cracks developing in pipe produced with Ajax's equipment, Ajax allegedly assured IPSCO that, in the thirty-eight years it had been in business, it had never received a complaint about

quench cracks from a customer. Compl. ¶ 12.

After delivering the equipment, IPSCO alleges that Ajax was unresponsive to its concerns that the equipment was not performing as guaranteed. Compl. ¶ 16. In order to induce IPSCO to issue a Preliminary Acceptance Certificate and pay the final installment of the purchase price, Ajax allegedly refused to make any repairs and withheld critical spare parts for other machinery unrelated to the equipment. Compl. ¶ 17. Additionally, Ajax allegedly represented that a letter of credit was in place to secure its warranty obligations. Compl. ¶ 18. Allegedly, the letter of credit was never funded. *Id.*

Following receipt of the final installment, Ajax allegedly refused to repair or replace the equipment, blaming performance problems on IPSCO's inadequately small flume. Compl. ¶ 19. Because Ajax allegedly withheld from IPSCO the engineering analysis which formed the basis for this hypothesis, IPSCO alleges that it had no alternative but to rely on Ajax's representations and constructed an enlarged flume. Compl. ¶ 20. The equipment allegedly failed several performance tests, even after Ajax made several substantial redesigns and repairs. Compl. ¶¶ 21-25. IPSCO alleges that it suffered significant losses and property damage as a result of Ajax's acts and omissions, including loss of inventory, substantial increases in production times and costs, and loss of sales and profits. Compl. ¶ 27.

## II. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir.

2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* "The plaintiff need not prove specific facts in support of [its] allegations, but must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id.* (internal citations omitted).

## III. DISCUSSION

Ajax claims IPSCO did not sufficiently plead the elements of constructive fraud or the existence of a confidential or special relationship. Under Arkansas law, the prima facie case for constructive fraud requires (1) a false representation of material fact, (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation, (3) intent to induce action or inaction in reliance upon the representation, (4) justifiable reliance on the representation, and (5) damage suffered as a result of the reliance. *Yarborough v. DeVilbiss Air Power, Inc.*, 321 F.3d 728, 730 (8th Cir. 2003). Additionally, the plaintiff must show that a confidential or special relationship existed between the parties. *Archer-Daniels-Midland Co. v. Beadles Enterprises, Inc.*, 238 S.W.3d 79, 83-84 (Ark. 2006).

IPSCO alleged that Ajax made various misrepresentations before and after the parties entered into their contract including whether it intended to design the equipment to meet certain requirements, whether it received notice of complaints regarding "quench cracks", whether a funded letter of credit was in place, whether a certain flume was large enough to

3

recirculate a quantity of water while under a particular pressure, whether redesigns were necessary, and whether malfunctions could be attributed to IPSCO's improper maintenance. Upon reliance upon these representations, IPSCO alleged that it continued to follow the advice of Ajax for eighteen months with the hope that certain equipment would perform as promised by the contract. Accepting these allegations as true, IPSO has plead a prima facie case of constructive fraud.

The only question that remains is whether IPSCO alleged the special or confidential relationship necessary in claims for constructive fraud. To begin, it should be noted that Ajax's statement that "[t]he Supreme Court of Arkansas has explained that constructive fraud generally only exists 'in cases of rescission of contracts or deeds and breaches of fiduciary duties'" goes too far. Defendant's Memorandum in Support, at 3 [Doc. No. 20]. According to the logic of that statement, one cannot proceed on the theory of constructive fraud unless the underlying action seeks rescission of a contract or deed or damages for breach of a fiduciary duty. Put simply, the Arkansas Supreme Court has not so held. *See* Charles D. Harrison, Roger D. Rowe & William A. Waddell, Jr., *Proposed Arkansas Model Fraud Jury Instructions*, 20 U. Ark. Little Rock L.J. 51, 66 n.65 (1997). Rather, the inquiry is whether there is a "relationship of trust or confidence" between the parties. *See Evans Indus. Coatings v. Chancery Court of Union County*, 870 S.W.2d 701, 703 (Ark. 1994). Such a relationship is marked by "a duty to speak and clarify information upon which others may rely." *See Archer-Daniels-Midland*, 238 S.W.3d at 84. Although Ajax convincingly argues that such

4

a duty is unlikely to arise within the context of an arm's-length business transaction, it is not necessarily impossible either. Because IPSCO failed to allege a special or confidential relationship in its complaint, however, the constructive fraud count must be dismissed.

IPSCO's argument that a combination of lengthy past course of dealing and asymmetry of knowledge can give rise to a special or confidential relationship, particularly when the party with superior knowledge makes representations that go to the "essence of the contract" and induce justifiable reliance by the party laboring under an information disadvantage, *see Archer-Daniels-Midland*, 238 S.W.3d at 85; *Cardiac Thoracic & Vascular Surgery, P.A. Profit Sharing Trust v. Bond*, 840 S.W.2d 188, 193 (Ark. 1992), is a permissible call for a logical and nonfrivolous extension of the law. Such legal argument, however, cannot remedy the fact the complaint itself did not specifically allege a special or confidential relationship.

Accordingly, Ajax's motion to dismiss [Doc. No. 19] the constructive fraud count is granted.

IT IS SO ORDERED this 15th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE