## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | |
|---|---|
| IPSCO TUBULARS INC.<br>d/b/a/ TMK IPSCO, | Civil Action No. 3:10-cv-00021 |
| Plaintiff, | Judge Brian S. Miller |
| v. | |
| AJAX TOCCO MAGNETHERMIC<br>CORPORATION, | |
| Defendant. | |

## STIPULATION AND ORDER GOVERNING
## CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(c) and pursuant to this stipulation entered into by counsel for all parties,

IT IS HEREBY ORDERED that the following rules and procedures will apply to any and all documents, deposition testimony, and other information produced, given, or disclosed through discovery in this action (the "Discovery"):

1.       Any party may designate as "Confidential" any portion of the Discovery produced or disclosed by or on behalf of such party that the producing party believes in good faith is subject to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure and which contains or refers to trade secret or other confidential research, development, or commercial information (the "Confidential Information").

2.       The Confidential Information shall be treated as such under this Stipulation and Order, shall be subject to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure, shall be used by their recipient only for this litigation, and shall not be used for business, competitive, or other non-litigation purposes, unless and until authorization to make other use of such information is given by agreement of counsel for the producing party or by order of the Court.

3.      With respect to documents, interrogatory answers, or other information produced or provided by the designating party in written form, such designation shall consist of the word "Confidential" marked on documents or other materials produced or provided as part of the Discovery; if the Discovery material cannot be so labeled, it will be designated by other marking and produced with a letter that identifies such material as Confidential.

4.      Any party wishing to designate as "Confidential" any deposition testimony or document submitted as an exhibit to a deposition may do so on the record during the deposition or in writing to the parties and any other affected person within fifteen (15) days after that party's receipt of the transcript of that testimony.  The designating party shall designate only those portions of the testimony or document which disclose Confidential Information as described above.  The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as "Confidential" are marked as such and are appropriately bound by the reporter.  During the interim 15-day period, deposition transcripts and exhibits shall be deemed to be Confidential.

5.      A party who disagrees with another party's "Confidential" designation must nevertheless abide by the same until the matter is resolved by agreement or by order of the Court.

6.      Inadvertent failure to designate Discovery as "Confidential" at the time of production or disclosure shall not operate to waive a party's right to later designate such Discovery as "Confidential," *provided that* no party shall be held in breach of this Stipulation and Order if, in the interim, such Discovery has been disclosed to any person(s) not authorized to receive Confidential Information under this Stipulation and Order, or has been used in a manner inconsistent with this Stipulation and Order.  Subject to the foregoing provisions, any

2

"Confidential" designation that is inadvertently omitted during the production of Discovery may be corrected by written notice to opposing counsel.  Once such a belated designation has been made, the relevant Discovery shall be treated in accordance with this Stipulation and Order.

7.      Any party may object to the designation of Discovery material as "Confidential" by giving written notice to the party making the designation.  Such notice shall identify with specificity the Discovery to which the objection is directed and the basis of the objection. Following any such objection, counsel for the parties shall attempt to resolve the dispute over the confidential designation.  If counsel for the parties are unable to resolve the dispute, any party may bring the dispute to the attention of the Court for resolution, as appropriate.  The parties shall keep the designated Discovery confidential pending resolution by the parties or by the Court.  The party making the confidential designation shall have the burden of proof that the challenged Discovery is entitled to the protection of the particular designation of "Confidential."

8.      Confidential Information produced by the parties shall be made available, in the first instance, only to the attorneys for the parties; persons regularly employed by such attorneys assisting them in this action; the Court and its personnel; court reporters and videographers employed by any party to record depositions in this action; and the parties to this action, including the officers, directors, and employees and former employees of those parties, but only to the extent reasonably necessary to aid counsel in the prosecution and defense of the claims in this action, *provided that* prior to the disclosure to any such party, officer, director, or employee, counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, shall explain its terms to such person, and shall instruct such person to comply with its terms.  Confidential Information may also be made available to independent

experts, consultants, or any other person in accordance with, and subject to, the provisions of paragraph 10 of this Stipulation and Order.

9.      Each party shall maintain a list of those persons to whom Confidential Information has been provided, which list shall contain the names, addresses, and telephone numbers of persons to whom disclosure of such information has been made.  This list shall be maintained on a current basis.  This requirement shall not apply to individuals identified in paragraph 8.

10.      Unless the Court, for good cause shown, rules otherwise, Confidential Information may be revealed to any independent experts or consultants retained by counsel in connection with this proceeding, persons regularly employed by such experts or consultants assisting them in this action, and, with the advance written consent of all parties, to any other person, *provided that* each person to whom disclosure is made under this paragraph shall execute a document substantially in the form annexed hereto as Exhibit A, thereby signifying agreement to be bound by the terms of this Stipulation and Order and to be subject to the jurisdiction of the Court in all matters relating to this Stipulation and Order.

11.      Confidential Information may be used and disclosed by any party in any trial, hearing, or other court proceeding in connection with this litigation, *provided that* the party which produced and designated such Confidential Information may move the Court for an order designed to protect the confidentiality of the information during such use, and that the party proposing such use may oppose any such motion.

12.      Documents comprising, quoting from or disclosing the contents or substance of Confidential Information subject to the terms of this Stipulation and Order shall be filed with the

Court under seal.  Any such filing shall reference this Stipulation and Order as authorizing the filing under seal.

13.      In the event documents claimed to be privileged or subject to the work product doctrine are inadvertently produced in this action, such documents shall be returned by the receiving parties to the producing party within five (5) days of any written request therefor, unless the receiving parties challenge the privileged nature of the document(s), in which case the producing party shall be entitled to make an application to the Court for the return of the document(s).  While such application is pending, the receiving parties shall not use or divulge the contents of such document(s) except to the Court under seal.  The inadvertent production of any document claimed to be privileged or subject to the work product doctrine shall not constitute a waiver of such privilege or protection, *provided that* the party asserting the claim of privilege or protection shall have the burden of proving the inadvertence of the document's production, as well as all other elements required to establish its claim of privilege or protection. Nothing in this paragraph shall be construed to enlarge the attorney-client privilege or work product protection, and the parties remain free to challenge the propriety of any claimed privilege or protection.

14.      At the conclusion of this action, including any appeals, and at least sixty (60) days after the litigation has been finally terminated, a producing party may request the destruction or return of documents subject to this Order which were not filed with the Court.  If such a request is made in writing, the recipient of such a request shall have sixty (60) days in which to (1) return the documents, (2) destroy the documents and certify to the other party that the documents have been destroyed, or (3) file a motion with the Court seeking an order upon good cause shown that documents should not be destroyed or returned.

15.     The parties acknowledge that the injury to a party resulting from any violation of any of the provisions in this Stipulation and Order will be of such a character as cannot be adequately compensated by money damages and, accordingly the aggrieved party may, in addition to pursuing its other remedies, obtain an injunction from this Court restraining such violation, and that no bond or other security shall be required in connection with such injunction.

16.     The parties agree to submit this Stipulation and Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

17.     This Confidentiality Order shall cease to have any effect ten (10) years from the date of its entry.

18.     The Court retains jurisdiction to make such amendments, modifications, and additions to this Confidentiality Order as it may from time to time deem appropriate.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

IT IS SO STIPULATED AND APPROVED
AS TO FORM AND CONTENT

Dated February 7, 2011


/s/  Stephen J. Butler (by KAC, per consent)
John E. Tull III, Ark. Bar No. 84150
E-mail:  jtull@qgtb.com
Jamie Goss Dempsey, Ark. Bar No. 2007239
E-mail:  jdempsey@qgtb.com
QUATTLEBAUM, GROOMS, TULL
   & BURROW PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas  72201
Telephone:     (501) 379-1700
Facsimile:     (501) 379-1701

6
1198278.1

Admitted *Pro Hac Vice*
Stephen J. Butler, Ohio Bar No. 0010401
E-mail:  steve.butler@thompsonhine.com
Joseph B. Russell, Ohio Bar No. 0084098
E-mail:  joe.russell@thompsonhine.com
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio  45202-4089
Telephone:     (513) 352-6700
Facsimile:     (513) 241-4771

Attorneys for Plaintiff TMK IPSCO

Dated:  February 7, 2011                      /s/  Kevin A. Crass

Frederick S. Ursery, Ark. Bar No. 67055
E-mail:  Ursery@fridayfirm.com
Kevin A. Crass, Ark. Bar No. 84029
E-mail:  Crass@fridayfirm.com
Jamie Huffman Jones, Ark. Bar No. 2003125
E-mail:  JJones@fridayfirm.com
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas  72201-3522
Telephone:     (501) 376-2011

Admitted *Pro Hac Vice*
Robert P. Ducatman  (Ohio Bar No. 0003571)
E-mail:  rducatman@jonesday.com
Jeffrey Saks (Ohio Bar No. 0071571)
E-mail:  jsaks@jonesday.com
Christopher M. McLaughlin
   (Ohio Bar No. 0078176)
E-mail:  cmmclaughlin@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:     (216) 586-3939
Facsimile:     (216) 579-0212

Attorneys for Defendant
Ajax Tocco Magnethermic Corporation

7
1198278.1

<u>EXHIBIT A</u>

<u>AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER</u>

I, _____, certify that I have been provided a copy of the Stipulation and Order Governing Confidentiality of Documents and Information entered in the lawsuit captioned *IPSCO Tubulars Inc. d/b/a TMK IPSCO v. Ajax Tocco Magnethermic Corp.,* Case No. 3:10-cv-00021 BSM (E.D. Arkansas).  I have read the Stipulation and Order, and I agree to be bound by its provisions as a condition of receiving certain confidential information, which has been identified to me.  I promise not to make use of this confidential information for any purpose other than my role in the *IPSCO Tubulars Inc. d/b/a TMK IPSCO v. Ajax Tocco Magnethermic Corp.* lawsuit.  I consent to being subject to the continuing jurisdiction of the United States District Court for the Eastern District of Arkansas in regard to all matters relating to the Stipulation and Order, including, without limitation, the enforcement the Stipulation and Order.

DATED:_____        SIGNED:_____

PRINTED NAME:_____

1198278.1