IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| IPSCO TUBULARS INC.<br>d/b/a TMK IPSCO,<br><br>      Plaintiff,<br><br>v.<br><br>AJAX TOCCO MAGNETHERMIC<br>CORPORATION,<br><br>      Defendant. | Civil Action No. 3:10-cv-00021<br><br>Judge Brian S. Miller |

### FIRST AMENDED STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and this stipulation entered into by the parties, through their respective attorneys of record,

IT IS HEREBY ORDERED that the following rules and procedures will apply to any and all documents, deposition testimony, and other information produced, given, or disclosed through discovery in this action:

1.    This Order shall govern the use, handling and disclosure of all documents, deposition testimony or other information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.    Any party may designate as "Confidential" any document, deposition testimony or other information produced, given or disclosed by such party that it believes in good faith is entitled to protection as a trade secret or other confidential research, development, or commercial information. Any materials so designated pursuant to the Stipulation and Order Governing Confidentiality of Documents and Information entered by the Court on February 11, 2011, shall

1637066-1

retain such designation and be treated as "Confidential" subject to the provisions of this Order.

3. Any party may designate as "Confidential – Attorneys Eyes Only" any document, deposition testimony or other information produced, given or disclosed by such party that it believes in good faith is entitled to protection as a trade secret or other confidential research, development, or commercial information, provided that the producing party also believes in good faith that such material is entitled to increased protection because it is highly proprietary and there is a substantial risk of identifiable harm if it is disclosed to the other party or any non-party.

4. To the extent any pleadings, motions, briefs, transcripts, or other papers to be filed with the Court incorporate documents, deposition testimony or other information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" or "Confidential – Attorneys Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted may be made part of the public record.

5. Any documents, deposition testimony or other information subject to this Order shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the party making the designation, or pursuant to a further order of this Court, any document, deposition testimony or other information given "Confidential" treatment under this Order shall not be disclosed to any person other than: (a) the Court and its personnel; (b) counsel for the parties, whether retained counsel or in-house counsel, and employees of counsel assigned to assist in this action; (c) parties to this litigation, including former employees of the producing party in connection with their

16370661

depositions in this action; (d) experts specifically retained as consultants or witnesses in connection with this litigation and who have signed the "Declaration of Compliance" attached hereto as Exhibit A; and (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" attached hereto as Exhibit A.

7. Except with the prior written consent of the party making the designation, or pursuant to a further order of this Court, any document, deposition testimony or other information given "Confidential – Attorneys Eyes Only" treatment under this Order shall not be disclosed to any person other than: (a) the Court and its personnel; (b) the receiving party's outside counsel of record in this action, as well as employees of outside counsel to whom it is reasonably necessary to disclose the information for purposes of this action; (c) the author(s) and recipient(s) of the document in connection with their depositions in this action; (d) employees of the producing party in connection with their depositions in this action; (e) experts specifically retained as consultants or witnesses in connection with this litigation who have signed the "Declaration of Compliance" attached hereto as Exhibit A; and (f) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" attached hereto as Exhibit A.

8. Documents, deposition testimony or other information designated "Confidential" or "Confidential – Attorneys Eyes Only" pursuant to this Order shall not be made available to any person designated in Subparagraphs 6(d) or 7(e) unless he or she has first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance."

9. All persons receiving documents, deposition testimony or other information designated "Confidential" or "Confidential – Attorneys Eyes Only" pursuant to this Order shall

1637066.1

be advised of their confidential nature. All persons to whom such materials are disclosed are hereby enjoined from disclosing them to any person except as provided herein, and are further enjoined from using them except in the preparation for and trial of this action between the named parties hereto. No person receiving or reviewing such materials shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such materials.

10. Any party wishing to designate as "Confidential" or "Confidential – Attorney Eyes Only" any deposition testimony or document submitted as an exhibit to a deposition may do so on the record during the deposition or in writing to the other party and any other affected person within ten (10) business days after receipt of the deposition transcript. The designating party shall designate only those portions of the testimony or document which discloses information entitled to protection under this Order. The party making the designation shall be responsible for assuring that the portions of the deposition transcript or exhibits designated as "Confidential" or "Confidential – Attorneys Eyes Only" are marked as such and are appropriately bound by the court reporter. During the interim ten (10) day period, such materials shall be afforded "Confidential – Attorneys Eyes Only" protection subject to the provisions of this Order.

11. Inadvertent failure to designate documents as "Confidential" or "Confidential – Attorneys Eyes Only" at the time of production or disclosure shall not operate to waive a party's right to later designate them as such; provided, however, that no receiving party shall be held in breach of this Order if, in the interim, such documents were disclosed to a person that, in retrospect, was not authorized to receive them. Subject to this provision, any designation that is inadvertently omitted from a document during discovery in this action may be corrected by

1637066-1

written notice from the producing party to the receiving party. Once such belated designation has been made, the relevant documents shall be treated as "Confidential" or "Confidential – Attorneys Eyes Only" as appropriate subject to the provisions of this Order.

12. In the event that any party to this action disagrees at any point in these proceedings with any designation made pursuant to this Order, that party shall notify the producing party of its disagreement in writing. Within ten (10) business days of the receipt of such written notice, the producing party will either voluntarily remove the challenged designation or advise the objecting party that it will not remove the challenged designation. The parties shall first try to resolve any dispute in good faith on an informal basis. If the dispute cannot be resolved, any party may bring the dispute to the attention of the Court for resolution, as appropriate. If such relief is sought, the producing party shall have the burden to establish that its designation is proper. During the pendency of any challenge to the designation of a document, deposition testimony or other information, the designated materials shall continue to be treated as "Confidential" or "Confidential – Attorneys Eyes Only" as appropriate subject to the provisions of this Order.

13. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any document, deposition testimony or other information as "Confidential" or "Confidential – Attorneys Eyes Only," nor the failure to make such a designation, shall constitute evidence with respect to any issue in this action.

14. Within sixty (60) days after the final termination of this action, all documents designated pursuant to this Order, including any extracts, summaries or compilations made from them, but excluding any materials that in the good faith judgment of counsel are work product

materials, shall be (a) returned to the producing party upon request or (b) destroyed at the request of the producing party.

15. Nothing in this Order shall affect or restrict the rights of any party with respect to its own documents or information obtained or developed independently of any materials designated as "Confidential" or "Confidential – Attorneys Eyes Only" pursuant to this Order.

16. Nothing in this Order shall prevent or restrict any party from using or disclosing the contents of any document, deposition testimony or other information designated hereunder at any trial, hearing or other court proceeding in connection with this action, provided that the producing party may move the Court for an order designed to protect the confidentiality of the information during such use and that the party proposing such use may oppose any such motion.

17. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice. The Court also retains jurisdiction to enforce the terms of this Order, if necessary, following the conclusion of this action.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Prepared by:

KEVIN A. CRASS (84029)
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 376-2011
Crass@fridayfirm.com
Attorneys for Defendant,
Ajax TOCCO Magnethermic Corp.

1637066-1

IT IS SO STIPULATED AND APPROVED
AS TO FORM AND CONTENT

| | |
|---|---|
| Dated: May 11, 2012 | Respectfully submitted, |
| | s/ *John E. Tull* |
| | John E. Tull, III (84150) |
| | Email: jtull@qgtb.com |
| Stephen J. Butler (pro hac vice) | Jamie Goss Dempsey (2007239) |
| Email: Steve.Butler@ThompsonHine.com | Email: jdempsey@qgtb.com |
| Joseph B. Russell (pro hac vice) | QUATTLEBAUM, GROOMS, TULL & |
| Email: Joe.Russell@ThompsonHine.com | BURROW PLLC |
| THOMPSON HINE LLP | 111 Center Street, Suite 1900 |
| 312 Walnut Street, Suite 1400 | Little Rock, AR 72201 |
| Telephone: (513) 352-6700 | Telephone: (501) 379-1700 |
| Facsimile: (513) 241-4771 | Facsimile: (501) 379-1701 |
| | *Attorneys for Plaintiff* |
| | *TMK IPSCO* |
| | s/ *Kevin A. Crass* |
| | Frederick S. Ursery (67055) |
| Robert P. Ducatman (*pro hac vice*) | E-mail: Ursery@fridayfirm.com |
| E-mail: rducatman@jonesday.com | Kevin A. Crass (84029) |
| Jeffrey Saks (*pro hac vice*) | E-mail: Crass@fridayfirm.com |
| E-mail: jsaks@jonesday.com | Jamie Huffman Jones (2003125) |
| Christopher M. McLaughlin (*pro hac vice*) | E-mail: JJones@fridayfirm.com |
| E-mail: cmmclaughlin@jonesday.com | FRIDAY, ELDREDGE & CLARK, LLP |
| JONES DAY | 400 West Capitol Avenue, Suite 2000 |
| North Point | Little Rock, AR 72201-3522 |
| 901 Lakeside Avenue | Telephone: (501) 376-2011 |
| Cleveland, OH 44114-1190 | |
| Telephone: (216) 586-3939 | |
| Facsimile: (216) 579-0212 | |
| | *Attorneys for Defendant* |
| | *Ajax Tocco Magnethermic Corporation* |

1637066.1

## EXHIBIT A

### Declaration of Compliance

I, _____, certify that I have been provided a copy of the First Amended Stipulated Protective Order entered in the lawsuit captioned *IPSCO Tubulars Inc. d/b/a TMK IPSCO v. Ajax Tocco Magnethermic Corporation*, Case No. 3:10-cv-00021, which is currently pending in the United States District Court for the Eastern District of Arkansas. I have read the Stipulation and Order, and I agree to be bound by its provisions as a condition of receiving certain confidential information, which has been identified to me. I promise not to make use of this confidential information for any purpose other than my role in the aforementioned lawsuit. I consent to being subject to the continuing jurisdiction of the United States District Court for the Eastern District of Arkansas in regard to all matters relating to the Stipulation and Order, including, without limitation, the enforcement of the Stipulation and Order.

DATED:_____    SIGNED:_____

                                                      PRINTED NAME:_____

1637066.1